Granger, C. J.
The record of the former judgment showed a recovery of two installments of $70 each upon a subscription for fourteen shares of stock at $700 made in November, A. D. 1874. The cause of action was the contract of subscription. The calls for assessments were only acts made necessary bjr that contract, under the statute, to determine when the subscribers for stock became bound to pay. Under the issue as made by the petition and answer no evidence of one contract for four shares made at one time, and of another contract for ten shares made at another time, was admissible. If a petition counted upon a note for $1,400, clearly the plaintiff could not put in evidence two notes — one for $1,000, and the other for $400. The contract of subscription must be in writing. Proof of two written contracts of' different dates and amounts does not support a petition counting upon one written contract for a sum equal to the aggregate of the two. Hence an inspection of the record showed that the former recovery could not legally have been for the causes of action set out in the pending petition. The matters alleged to have been passed upon must have been such as might legitimately have been given in evidence under the issue joined. If the record had shown a case in which evidence to establish contracts such as the two now in controversy was admissible, but failed to fully identify them as the contracts there actually sued upon, parol evidence might have been introduced to complete the identification. The trial court admitted a record that plainly showed a cause of action incapable of legal identification with either of the two in suit, and then permitted the company to contradict that record by parol evidence.
Hence the judgments rendered in the district court and common pleas must be reversed.

Judgment accordingly.